**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SUPASTAR WARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:26-cv-01757-PLC** |
| | ) | |
| **JANE HETT et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Supastar Ware's application to proceed in district court without prepayment of fees and costs [ECF No. 2] Because Plaintiff has accrued three strikes under 28 U.S.C. § 1915(g), the Court will deny the application and order Plaintiff to pay the full filing fee.

Plaintiff, a prisoner and frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he or she has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of the Court's files shows that Plaintiff previously filed three civil actions that the Court dismissed as frivolous, malicious, or for failure to state a claim. *See Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP (E.D. Mo. filed Aug. 8, 2025); *Ware v. Foley*, No. 4:25-cv-383-JAR

(E.D. Mo. filed Jun. 18, 2025); *Ware v. Missouri Dep't of Corr.*, No. 4:24-cv-934-ACL (E.D. Mo. filed Jul. 23, 2024); *see also Ware v. Missouri Dep't of Corr.*, No. 4:25-cv-1262-SEP (E.D. Mo. Sept. 12, 2025) (dismissing Plaintiff's action under § 1983(g)). Therefore, the Court cannot permit Plaintiff to proceed in forma pauperis absent "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff brings this action under 42 U.S.C. § 1983 against five Defendants employed by the Missouri Department of Corrections. The Court has reviewed Plaintiff's claims and determined that the allegations in Plaintiff's Complaint are not causing imminent danger of serious physical injury to her as required to trigger the exception to the three-strike rule. Because Plaintiff's complaint does not fall under this exception to § 1915(g), the Court will deny Plaintiff's application to proceed in district court without prepayment of fees and costs. Plaintiff shall pay the $405 filing fee within 21 days of the date of this Order or the Court will dismiss with action without prejudice under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $405 filing fee **within twenty-one (21) days** of the date of this order.

Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of November, 2026